J-S82002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL ELWOOD DULIO | |
| Appellant | No. 743 MDA 2016 |

Appeal from the PCRA Order May 2, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001122-2012

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 09, 2017**

Samuel Elwood Dulio appeals from the order entered May 2, 2016, in the Lancaster County Court of Common Pleas, denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Dulio seeks relief from the judgment of sentence of an aggregate five to 10 years' imprisonment imposed November 6, 2012, following his negotiated guilty plea to charges of possession with intent to deliver cocaine and marijuana, and persons not to possess firearms.[2]  Contemporaneous with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 35 P.S. § 780-113(a)(3), and 18 Pa.C.S. § 6105, respectively.

this appeal, appointed counsel has filed a **Turner/Finley**[3] "no merit" letter and a motion seeking leave to withdraw from representation. For the reasons set forth below, we affirm the order on appeal, and grant counsel's motion to withdraw.

The relevant facts and procedural history underlying this appeal were aptly summarized by the PCRA court as follows:

> The Pennsylvania Office of Attorney General charged [Dulio] with the offenses of Possession with Intent to Deliver Marijuana, Possession with intent to Deliver Cocaine, and Persons Not to Possess a Firearm. These offenses allegedly occurred on December 1, 2011, when [Dulio] was found to be in possession of approximately 89.9 grams of cocaine. Police then located approximately three pounds of marijuana and a .40 caliber Smith & Wesson firearm in the garage of [Dulio's] mother, based on a statement [Dulio] gave to police. Because [Dulio] had at least one prior felony drug conviction, he was ineligible to possess the firearm.
>
> On November 6, 2012, [Dulio] appeared before the Honorable Judge Louis J. Farina and entered into a guilty plea pursuant to a negotiated plea agreement with the following terms: (Count 1) Possession with Intent to Deliver Marijuana: 5 to 10 years imprisonment;[2] (Count 2) Possession with Intent to Deliver Cocaine: 5 to 10 years imprisonment;[3] and (Count 3) Persons Not to Possess: 5 to 10 years imprisonment. All sentences were made concurrent to one another, so the aggregate sentence was imprisonment of not less than 5 years nor more than 10 years in the State Correctional Institution ("SCI").

_____

_____

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The Commonwealth filed a Notice of [I]ntent to seek a mandatory iminimum of at least five years incarceration for the crime of Possession with Intent to Deliver Marijuana involving a firearm, pursuant to 42 Pa.C.S.A. § 9712.1.

[3] The Sentencing Guideline Worksheet indicates the Commonwealth invoked a five year mandatory minimum sentence on the charge of Possession with Intent to Deliver Cocaine based on the weight and [Dulio's] prior felony drug conviction, pursuant to 18 Pa.C.S.A. § 7508(a)(3).

_____

On November 13, 2012, [Dulio] filed a counseled Motion to Withdraw Guilty Plea & to Appoint New Counsel, claiming dissatisfaction with trial counsel and a guilty plea that was not knowing or voluntary on his part. On November 26, 2012, Judge Farina denied said Motion, noting the grounds asserted amounted to claims of ineffective assistance of counsel which should be addressed through collateral review. Thereafter, on May 20, 2013, [Dulio] filed a *pro se* Motion for Reconsideration/Modification of Sentence – *Nunc Pro Tunc*.[4] [Dulio's] Motion was denied on May 24, 2013.

_____

[4] In his Motion, [Dulio] did not deny involvement in the crimes, he did not allege any improprieties with trial counsel or the guilty plea proceeding, and he did not claim he received an illegal sentence. Rather, [Dulio] asserted he was a changed person, and for that reason he was asking for a reduced sentence.

_____

On December 21, 2015, [Dulio] filed a *pro se* PCRA petition alleging that trial counsel provided ineffective assistance of counsel, the sentence imposed was greater than the lawful maximum, a violation of the Pennsylvania and United States Constitutions occurred such that no reliable adjudication of guilt or innocence could have taken place, and mandatory minimum sentences were imposed that have since been declared unconstitutional.

On December 22, 2015, PCRA counsel was appointed to represent [Dulio]. On March 23, 2016, PCRA counsel filed an Amended PCRA Motion asserting [Dulio] was subject to mandatory minimum sentences that have since been declared unconstitutional in the United States Supreme Court case of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), which was decided on June 17, 2013. Moreover, it was alleged that trial counsel provided ineffective assistance of counsel for failing to raise this issue in a post-sentence motion or on appeal. According to counsel, "[Dulio] would not have pleaded guilty but for the fact that such mandatory minimum sentences were applicable at the time of his plea." On March 24, 2016, the Commonwealth filed a Response to the Amended PCRA Motion opposing the requested relief and asking for dismissal of the action without a hearing.

Pursuant to Pennsylvania Rule of Criminal Procedure 907, [the PCRA court] conducted an independent review of the record. On April 4, 2015, the Court issued a Rule 907 Notice concluding that [Dulio's] amended PCRA Motion was patently frivolous, the allegations were not supported by the record, and the Court intended to dismiss the petition without a hearing because there were no genuine issues concerning any material fact. Thereafter, on May [2], 2016, the Court filed an Order dismissing [Dulio's] amended PCRA motion.

PCRA Court Opinion, 5/24/2016, at 1-4 (record citations and some footnotes omitted). This timely appeal followed.[4]

Prior to addressing the merits of Dulio's appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal as outlined in ***Turner/Finley***:

---

[4] On May 6, 2016, the PCRA court ordered Dulio to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Dulio complied with the court's directive, and filed a concise statement on May 18, 2016.

Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**, **supra** and **Finley**, **supra** and] ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (quotation omitted).

Here, counsel has complied with the procedural aspects of **Turner**/**Finley** by filing a "no merit" letter and motion to withdraw, and providing Dulio with a copy of both filings. **See** Motion to Withdraw as Counsel, 8/16/2016; Statement, 8/16/2016. We note, however, that counsel incorrectly informed Dulio that Dulio had the right to proceed *pro se* or with privately retained counsel "[i]n the event the Court grants the Motion to Withdraw." Statement, 8/16/2016. Therefore, this Court entered an order on August 19, 2016, providing Dulio with 30 days to file a response, either *pro se* or *via* privately retained counsel, to PCRA counsel's "no merit" letter. **See** Order, 8/19/2016. Dulio has filed no response, and,

accordingly, we proceed to a consideration of whether the court erred in dismissing Dulio's PCRA petition. **See Doty, supra**.

In his amended petition, Dulio asserted the two mandatory minimum sentences[5] imposed on his convictions of possession with intent to deliver controlled substances are illegal under **Alleyne**, **supra**, and that he would not have pled guilty "but for the fact that such mandatory minimum sentences were applicable at the time of his plea." Amended Motion for Post-Conviction Collateral Relief, 3/23/2016, at 4. Further, he claimed plea counsel was ineffective for failing to raise this issue in either a post-sentence motion or direct appeal. **See id.**

Our review of an order denying PCRA relief is well-established: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** (citations omitted).

---

[5] **See** 18 Pa.C.S. § 7508(a)(3)(ii) (mandatory five-year sentence for conviction of possession with intent to deliver at least 10 and less than 100 grams of cocaine with prior drug trafficking conviction); and 42 Pa.C.S. § 9712.1(a) (mandatory five-year sentence for conviction of possession with intent to deliver controlled substance while in possession of a firearm).

Here, the PCRA court determined Dulio's petition was untimely filed. We agree. Pursuant to Section 9545(b)(1), a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. 9545(b)(1). Dulio's judgment of sentence was final on December 26, 2012, 30 days after the trial court denied his post-sentence motion, and Dulio failed to file a direct appeal. **See id.** at § 9545(b)(3). Therefore, he had until December 26, 2013, to file a timely petition, and the one before us, filed nearly two years later, is facially untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly-discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." **Id.** at § 9545(b)(2).

In the present case, Dulio's primary claim is a challenge to the legality of this sentence based upon **Alleyne**, **supra**. In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S. Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that our mandatory minimum sentencing statutes, including Sections 9712.1 and 7508, are unconstitutional because the language of those statutes "permits

the trial court, as opposed to the jury, to increase the defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal denied*, 121 A.3d 247 (Pa. 2015); **Commonwealth v. Mosley**, 114 A.3d 1072, 1087-1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S. § 7508).

Moreover, the *en banc* panel in **Newman**, **supra**, held that an **Alleyne** challenge "implicates the legality of the sentence, and cannot be waived on appeal." **Newman**, **supra**, 99 A.3d at 90.[6] Nevertheless, in order to obtain collateral relief based upon a legality of sentencing issue, a petitioner must "still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

However, the **Alleyne** decision does not satisfy any of the exceptions to the time-bar. Indeed, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth**

---

[6] We note the Pennsylvania Supreme Court granted allowance of appeal in **Commonwealth v. Barnes**, 122 A.3d 1034, 1035 (Pa. 2015), to determine, *inter alia*, "[w]hether a challenge to a sentence pursuant to **Alleyne** … implicates the legality of the sentence and is therefore non-waivable." The case was argued before the Court in September of 2016, but to date, no decision has been filed. **See** 36 EAP 2015.

***v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Moreover, in ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), a panel of this Court held that an ***Alleyne*** challenge cannot satisfy the timing exception in Section 9545(b)(1)(iii) because "neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final."[7] ***Id.*** at 995. Further, Dulio did not meet the 60-day filing requirement in Section 9545(b)(2), since his petition was filed two and one-half years after the Supreme Court handed down ***Alleyne*** on June 13, 2013. ***See*** 42 Pa.C.S. § 9545(b)(2). Therefore, Dulio's ***Alleyne*** claim cannot overcome the time-bar.

Nevertheless, Dulio asserted his petition was timely because he filed it within 60 days of the United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (U.S. 2016). ***See*** Amended Motion for Post-Conviction Collateral Relief, 3/23/2016, at 4-5. In ***Montgomery***, the United States Supreme Court held its prior decision ***Miller v. Alabama***, 132 S.Ct. 2455 (U.S. 2012), should be given retroactive

_____

[7] Recently, in ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court went one step further and definitively held that "***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Id.*** at 820. ***But see Commonwealth v. Ruiz***, 131 A.3d 54, 59-60 (Pa. Super. 2015) (invalidating sentence on PCRA review as violative of ***Alleyne***; not retroactive application of ***Alleyne*** because defendant's judgment of sentence was not final when ***Alleyne*** was decided).

effect. *See Montgomery*, *supra*, 136 S.Ct. at 736. In *Miller*, the Court held that mandatory life imprisonment without parole for juvenile offenders violated the constitutional provision prohibiting cruel and unusual punishment. *Miller*, *supra*, 132 S.Ct. at 2460. Dulio argued the "reasoning" in the *Montgomery* case for giving retroactive effect to the *Miller* decision should be applied herein. *See* Amended Motion for Post-Conviction Collateral Relief, 3/23/2016, at 5. We disagree. The *Montgomery* decision has no bearing on the retroactive application of *Alleyne*.[8] *See* PCRA Court Opinion, 5/24/2016, at 8-9.

Neither does Dulio's claim of plea counsel's ineffectiveness meet any of the time-for-filing exceptions. First, Section 9545 specifically excludes defense counsel from the definition of "government officials" in Section 9545(b)(1)(i). *See* 42 Pa.C.S. § 9545(b)(4). Moreover, Dulio does not claim he recently learned of plea counsel's failure to file a direct appeal and/or post-sentence motion in order to satisfy the newly discovered facts exception, and counsel's ineffectiveness does not constitute a newly recognized constitutional right.

Therefore, we conclude the PCRA court's determination that Dulio's petition was untimely filed, and he failed to plead and prove any of the time

---

[8] We note, too, the *Washington* Court specifically considered *Montgomery* in concluding that *Alleyne* should **not** be applied retroactively to sentences on collateral appeal. *See Washington*, *supra*.

- 10 -

for filing exceptions is supported by the record, and Dulio is, accordingly, entitled to no relief. Further, because we agree with counsel's assessment that there are no meritorious issues for appeal, we grant counsel's motion to withdraw.

Order affirmed. Motion for leave to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2017